IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DARRELL D. CROSS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:18-CV-121 (MTT) |
| | ) |
| Warden PHILLIP HALL, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff Darrell Cross has filed an application to appeal in forma pauperis ("IFP"). Doc. 46. The Plaintiff seeks to appeal from the Court's judgment dismissing the action (Doc. 44) following its Order (Doc. 43) adopting the Magistrate Judge's Report and Recommendation (Doc. 37) and granting the Defendants' motion to dismiss (Doc. 34). Doc. 45. Applications to appeal IFP are governed by 28 U.S.C. § 1915 and Fed. R. App. P. 24. 28 U.S.C. § 1915 provides:

> (a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
> . . .
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly, Fed. R. App. P. 24(a) provides:

> (1) [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:

> (A) shows . . . the party's inability to pay or to give security for fees and costs;
> (B) claims an entitlement to redress; and
> (C) states the issues that the party intends to present on appeal.
>
> (2) If the district court denies the motion, it must state its reasons in writing.

Thus, the Court must make two determinations when faced with an application to proceed IFP. First, it must determine whether the plaintiff is financially able to pay the filing fee required for an appeal. Next, the Court must determine if the plaintiff has satisfied the good faith requirement. "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The plaintiff demonstrates good faith when he seeks review of a non-frivolous issue. *Id.* An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (citations omitted). "Arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (citations omitted). "In deciding whether an [in forma pauperis] appeal is frivolous, a district court determines whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

The Plaintiff's motion states the Plaintiff is "indigent, so poor I can't afford a 50¢ U.S. postage stamp to pay for cause of notice of Appeals in both Courts." Doc. 46. It does not, however, provide any further detail concerning the Plaintiff's assets, income, or expenses. As noted above, 28 U.S.C. § 1915(a) requires a prisoner seeking to appeal IFP to "submit[] an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor," and it

requires that "[s]uch affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." The Plaintiff's motion does not provide a statement of his assets, so the Court is unable to determine whether the Plaintiff satisfies the poverty requirement.

The Court therefore **ORDERS** the Plaintiff to supplement his motion to provide his financial information and explain his issues on appeal no later than **FOURTEEN (14)** days from the date of this Order. The Clerk is **DIRECTED** to mail the Plaintiff a copy of the standard form motion to appeal in forma pauperis that he may use for this purpose. Failure to timely comply with this Order may result in denial of the Plaintiff's Motion.

**SO ORDERED**, this 1st day of May, 2019.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
