IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DARRELL D. CROSS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:18-CV-121 (MTT) |
| ) | |
| Warden PHILLIP HALL, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff Darrell Cross filed an application to appeal in forma pauperis ("IFP"). Docs. 46; 51. The Plaintiff seeks to appeal from the Court's judgment dismissing the action (Doc. 44) following its Order (Doc. 43) adopting the Magistrate Judge's Report and Recommendation (Doc. 37) and granting the Defendants' motion to dismiss (Doc. 34). Doc. 45. Applications to appeal IFP are governed by 28 U.S.C. § 1915 and Fed. R. App. P. 24. 28 U.S.C. § 1915 provides:

> (a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
> . . .
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly, Fed. R. App. P. 24(a) provides:

> (1) [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:

> (A) shows . . . the party's inability to pay or to give security for fees and costs;
> (B) claims an entitlement to redress; and
> (C) states the issues that the party intends to present on appeal.
>
> (2) If the district court denies the motion, it must state its reasons in writing.

Thus, the Court must make two determinations when faced with an application to proceed IFP. First, it must determine whether the plaintiff is financially able to pay the filing fee required for an appeal. Next, the Court must determine if the plaintiff has satisfied the good faith requirement. "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The plaintiff demonstrates good faith when he seeks review of a non-frivolous issue. *Id.* An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (citations omitted). "Arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (citations omitted). "In deciding whether an [in forma pauperis] appeal is frivolous, a district court determines whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

Because the Plaintiff did not include the required financial information, he did not sufficiently allege poverty, so the Court ordered that he supplement his motion. Doc. 49. The Plaintiff has now done so. Doc. 51. He states he is unemployed, owns no property, has no income, and has a balance of $0.00 in his prisoner account. *Id.* That affidavit adequately demonstrates he is unable to pay the appellate filing fee of $505.00.

Next, the Court must determine whether the plaintiff has satisfied the good faith requirement. Although the Plaintiff has not submitted a statement of the issues he intends to appeal, as is required under Fed. R. App. P. 24(a)(1)(C), this Court's independent review of the issues addressed in the Report and Recommendation (Doc. 37) regarding the motion to dismiss, the Plaintiff's objection to the Recommendation (Doc. 41), the Plaintiff's "Supplement to Motion" (Doc. 50), and the Plaintiff's other correspondence (Doc. 52) demonstrates that the Plaintiff's appeal is frivolous.[1] *See Hyche v. Christensen*, 170 F.3d 769, 771 (7th Cir. 1999), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000) (explaining that the arguments to be advanced on appeal are often obvious and decisions regarding good faith can be made by looking at the "reasoning of the ruling sought to be appealed" instead of requiring a statement from the plaintiff).

The appeal, therefore, is not brought in good faith. The Plaintiff has raised no issues with arguable merit. Consequently, the Plaintiff's application to appeal in forma pauperis (Doc. 51) is **DENIED**.

If the Plaintiff wishes to proceed with his appeal, he must pay the entire $505 appellate filing fee. Because the Plaintiff has stated that he cannot pay the fee immediately, he must pay using the partial payment plan described under 28 U.S.C. §

---

[1] In addition to failing to state a good-faith basis for an appeal, the Plaintiff's "Legal Letter Covered to 11th Cir. Court of Appeals Clerks," Doc. 52, invokes surprisingly violent imagery. Although the handwriting is difficult, in places, to construe, the Plaintiff appears to warn clerks that "If it make you feel good to dismiss illegal then one day I could probably file a Biven suit on both of you; which em circuit judges are suppose to be the decider you clerk aren't supposed to abuse your discretion." Doc. 52 at 1. He later continues, "with what's gone on in a land suppose to be the land of the free / home of the braves / If I was assigned to your Career I had want to hope have God on my side. So a wood be bandit wouldn't shoot me or stab me in my driveway at home." *Id*. After signing off "Sincerely Darrell Cross," he adds an apparent postscript: "on God been with us / He's we the muslims with able minds bodies wish to say court you all are committee . . . suicide open your selves for not given us justice, freedom, equality, independence, question what you all gone to do when the Lions are turn alise [alive?] en hours of you have court, can't excape?" *Id*. (ellipses in original). Those gratuitous and, frankly, troubling speculations do not advance any argument he might have that his appeal satisfies the requirements of 28 U.S.C. § 1915.

1915(b). Pursuant to section 1915(b), the prison account custodian where the Plaintiff is confined shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to the Plaintiff's account (to the extent the account balance exceeds $10) until the $505 appellate filing fee has been paid in full. Checks should be made payable to "Clerk, U.S. District Court." The Clerk of Court is **DIRECTED** to send a copy of this Order to the custodian of the prison in which the Plaintiff is incarcerated.

    **SO ORDERED**, this 29th day of May, 2019.

S/ Marc T. Treadwell  
MARC T. TREADWELL, JUDGE  
UNITED STATES DISTRICT COURT
